IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| THE ROZZI COMPANY, INC., | : |
| *Plaintiff*, | : Case No. 1:24-cv-599 |
| vs. | : Judge Jeffery P. Hopkins |
| FIREWORKS BY GRUCCI, INC., *et al.*, | : |
| *Defendants*. | : |

## OPINION AND ORDER

Plaintiff The Rozzi Company ("Rozzi") brings this action against Defendants Fireworks By Grucci, Inc. and Pyrotechnique (collectively, "Defendants"). To date, Defendants have failed to appear or otherwise defend against this action. For the reasons stated below, Rozzi's Renewed Motion for Default Judgment (Doc. 10) is **GRANTED**.

**I.  LAW & ANALYSIS**

Often misunderstood by parties and, on occasion, the attorneys who represent them is the two-step sequential process for obtaining a default judgment. *See Allied Consol. Enters v. Aladwan*, No. 2:20-cv-4561, 2021 WL 1572291, at *2 (S.D. Ohio April 22, 2021). First, a party must apply for an entry of default from the clerk of the court. *See* Fed. R. Civ. P. 55(a) ("When a party against whom a judgment is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."). Then, after a party obtains an entry of default, that party must make a request for a default judgment to be entered. Fed. R. Civ. P. 55(b). This can happen in one of two ways: by the clerk or by the court.

If the party's claim is for a sum certain or a sum that may be ascertained by computation, the clerk may enter default judgment. Fed. R. Civ. P. 55(b). In any other case, the party must seek default judgment from the court. *Id.* When considering an application for default judgment, the court will accept the complaint's factual allegations as true but must assess whether the factual allegations are legally sufficient to state the alleged cause of action. The moving party may prove the existence of damages through detailed affidavits or documentary evidence, or at an evidentiary hearing. *Arthur v. Robert James Assocs. Asset Mgmt.*, No. 3:11-cv-460, 2012 U.S. Dist. LEXIS 47240, at *3 (S.D. Ohio Apr. 13, 2012).

For default judgment to be entered by a district court, the court must be satisfied that it possesses both subject matter and personal jurisdiction over the nonresponsive party. *Answers in Genesis of Ky., Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009) ("[F]ederal courts have a duty to consider their subject matter jurisdiction in regard to every case."); *Citizens Bank v. Parnes*, 376 F. App'x 496, 501 (6th Cir. 2010) ("Personal jurisdiction over a defendant is a threshold issue that must be present to support any subsequent order of the district court, including entry of the default judgment."); *Kuhlman v. McDonnell*, No. 1:20-cv-510, 2022 WL 407240, at *2 (S.D. Ohio Feb. 10, 2022). If the jurisdictional prerequisite is met, then the court must weigh the seven factors articulated by the Sixth Circuit in *Russell v. City of Farmington Hills*, 34 F. App'x 196, 198 (6th Cir. 2002), for determining whether a default judgment is warranted. Those factors are:

> (1) possible prejudice to the plaintiff; (2) the merits of the claims; (3) the sufficiency of the complaint; (4) the amount of money at stake; (5) possible disputed material facts; (6) whether the default was due to excusable neglect; and (7) the preference for decisions on the merits.

*See also Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986).

### A. Plaintiff is entitled to default judgment.

As a threshold matter, Rozzi's Complaint properly invokes this Court's jurisdiction. Subject matter jurisdiction is proper under 28 U.S.C. § 1332(a) because Rozzi is a citizen of Ohio and Defendants are citizens of New York and Virginia respectively. Compl., Doc. 1, ¶¶ 5–7; 28 U.S.C. § 1332(a)(2). Rozzi alleges that Defendants owe more than $148,000.00 in damages. Compl., Doc. 1, ¶ 4. Thus, Rozzi alleges an amount in controversy in excess of $75,000, exclusive of interest and costs. Personal jurisdiction is also proper because Defendants transact business in Ohio. Compl., Doc. 1, ¶ 4; Ohio Rev. Code § 2307.382(A)(1).

Having established that this Court has both subject matter jurisdiction and personal jurisdiction over Defendants, the Court will now weigh the factors set forth in *Russell*—starting first with whether Rozzi has asserted sufficient and meritorious claims—the second and third *Russell* factors, before turning to the remaining factors.

#### 1. Sufficient and Meritorious Claims

The second and third factors in *Russell* relate to the merits of Rozzi's claims and the sufficiency of Rozzi's Complaint. Like other courts in this District, this Court will consider these factors together. Rozzi alleges four claims in its Complaint: (1) civil conversion, (2) unjust enrichment, (3) breach of contract, and (4) injunctive relief. Compl., Doc. 1, ¶¶ 16–29.

Viewing the factual allegations in the Complaint as true, the Court will address each claim in turn.

##### a. Civil Conversion

Rozzi alleges a claim for civil conversion against Defendants Grucci and Pyrotechnique. Compl., Doc. 1, ¶¶ 16–20. Under Ohio law, conversion "is the wrongful exercise of dominion over property in exclusion of the right of the owner, or withholding it

3

from his possession under a claim inconsistent with his rights." *Zacchini v. Scripps-Howard Broadcasting Co.*, 47 Ohio St.2d 224, 226 (1976), *rev'd on other grounds*, 433 U.S. 562 (1977). To prevail on its conversion claim, Rozzi must establish: "'(1) [its] ownership or right to possession of the property at the time of the conversion; (2) [Defendant's] conversion by a wrongful act or disposition of [Rozzi's] property rights; and (3) damages.'" *Academic Imaging, LLC v. Soterion Corp.*, 352 Fed. App'x. 59, 67 (6th Cir. 2009) (quoting *Dream Makers v. Marshek*, 2002-Ohio-7069, ¶ 19 (8th Dist.)). Rozzi's claim for conversion is premised on the unlawful retention of Rozzi's fireworks, meaning that Rozzi must establish that (1) it demanded the return of the fireworks from Defendants after Defendants exerted dominion and control over the fireworks, and (2) that Defendants refused to deliver the fireworks to Rozzi. *Barnes v. First Am. Title Ins. Co.*, No. 1:06-cv-574, 2006 WL 2265553, at *8 (N.D. Ohio Aug. 8, 2006) (citing *Tabar v. Charlie's Towing Serv., Inc.*, 97 Ohio App. 3d 423, 427–28 (8th Dist. 1994)). "The measure of damages in a conversion action is the value of the converted property at the time it was converted." *Tabar*, 97 Ohio App. 3d at 428 (citation omitted).

First, the Complaint alleges that Rozzi is the rightful owner of the fireworks. Compl., Doc. 1, ¶ 17. Second, while the Complaint states that Defendant Grucci obtained the fireworks legitimately, Grucci wrongfully possessed the fireworks after not making the fireworks available for pickup by Rozzi after failing to pay for them. *Id*. Third, Rozzi alleges that Grucci acted as an agent for Defendant Pyrotechnique to the extent that Pyrotechnique has any or all of the fireworks. *Id*. ¶ 18. Fourth, Rozzi alleges that it suffered damages in the cost of the lost fireworks. *Id*. ¶ 19. Further, Rozzi alleges that it made "numerous efforts to retrieve the fireworks," but Defendant Grucci completely stopped communicating with Rozzi. *Id.* ¶ 13.

4

Under the circumstances, the Court finds that Rozzi has stated a sufficient and meritorious claim for civil conversion.

### b. Breach of Contract

Rozzi separately alleges a claim for breach of contract against Grucci. Compl., Doc. 1, ¶¶ 24–27. Under Ohio law, a plaintiff states a claim for breach of contract where there is: (1) the existence of a contract; (2) performance by the plaintiff; (3) breach by the defendant; and (4) damage or loss to the plaintiff as a result of the breach. *V & M Star Steel v. Centimark Corp.*, 678 F.3d 459, 465 (6th Cir. 2012) (citations omitted).

It is well established that there are three categories of contracts under Ohio law: express, implied-in-fact, and implied-in-law. *Legros v. Tarr*, 44 Ohio St.3d 1, 6 (1989). In express contracts, assent to the terms of the contract is actually expressed in the form of an offer and acceptance. *Lucas v. Costantini*, 13 Ohio App.3d 367, 368 (12th Dist. 1983). On the other hand, an "implied contract is a contract inferred by a court from the circumstances surrounding the transaction, making a reasonable or necessary assumption that a contract exists between the parties by tacit understanding." *Hollis Towing v. Greene*, 2003-Ohio-5962, ¶ 8 (2nd Dist. 2003). The "[e]ssential elements of a contract include an offer, acceptance, consideration, [and] a manifestation of mutual assent." *Kostelnik v. Helper*, 2002-Ohio-2985, ¶ 16 (2002).

Here, Rozzi alleges that "Defendant Grucci had a contract to pay Rozzi for the contract value of the fireworks, $148,200.00, upon condition that it take a reasonable time to test said fireworks." Compl., Doc. 1, ¶ 25. To further support this claim, Rozzi attaches email correspondence and an invoice bill with an attached check for partial payment of the invoice. Docs. 1-1, 1-2, 1-3. The invoice bill is a document on Rozzi's letterhead purporting to show

5

Grucci's outstanding account statement balance as of April 1, 2022. Doc. 1-1. There are no terms in the invoice, nor is there any offer or acceptance. The invoice is simply a bill of the amount that is allegedly owed by Grucci to Rozzi. *Id*. The Court is therefore reluctant to conclude that Rozzi has adequately alleged breach of an express contract because the account statement upon which Rozzi relies for its breach-of-contract claim has no explicit indication that there was an "an offer, acceptance, consideration, [and] a manifestation of mutual assent." *Kostelnik*, 2002-Ohio-2985, ¶ 16.

Nonetheless, the Court finds that Rozzi has sufficiently and meritoriously alleged a breach of an implied contract between the parties. "To establish a contract implied-in-fact, a plaintiff must demonstrate that the circumstances surrounding the parties' transaction make it reasonably certain that an agreement was intended." *Stepp v. Freeman*, 119 Ohio App.3d 68, 74 (2d Dist. 1997). One of the "most obvious example[s]" of an implied contract occurs where "recovery is sought for services rendered or materials furnished[,] and the circumstances are such that people expect to be paid and pay for such conduct." *Lucas*, 13 Ohio App. 3d at 369. Here, Rozzi alleges that Defendant Grucci ordered $148,934.85 worth of fireworks from Rozzi. Compl., Doc. 1, ¶ 8. Grucci also tendered a check dated April 21, 2023 for fifty thousand dollars; however, Grucci asked Rozzi to not cash the check until the quality of the fireworks was investigated. *Id.* ¶¶ 9–10; Doc. 1-1.[1] Rozzi claims that "[a]fter a reasonable time expired, Defendant Grucci neither paid for nor arranged for the return of said fireworks." Compl., Doc. 1, ¶ 26. On this record, the Court finds that Rozzi has sufficiently stated a

---

[1] There are no facts in the Complaint that confirm whether the check was cashed by Rozzi. *See* Compl., Doc.1. However, the record clearly demonstrates that the check tendered by Grucci was for $50,000.00, which is substantially less than the amount of fireworks ordered, which totaled $148.934.85. Even if Grucci tendered partial payment, Grucci remains in breach.

6

meritorious claim for breach of contract predicated on Grucci's failure to pay for the materials furnished, *i.e.*, fireworks, currently in dispute.

### c. Unjust Enrichment

Rozzi's next claim is for unjust enrichment. Compl., Doc. 1, ¶¶ 20–23. Unjust enrichment has long been held to be a quasi-contract claim. Having established that Rozzi has set forth a sufficient and meritorious claim for breach of contract, this Court declines to enter default judgment on Rozzi's unjust enrichment claim because this claim is now duplicative. *Bihn v. Fifth Third Mortg. Co.*, 980 F. Supp. 2d 892, 904 (S.D. Ohio 2013); *see Ryan v. Rival Mfg. Co.*, 1st Dist. Hamilton No. C-810032, 1981 WL 10160, *1 (Dec. 16, 1981) ("It is clearly the law in Ohio that an equitable action in quasi-contract for unjust enrichment will not lie when the subject matter of that claim is covered by an express contract or a contract implied in fact.").

### d. Injunctive Relief

The final claim that Rozzi asserts in the Complaint is one seeking injunctive relief. Compl., Doc. 1, ¶¶ 28–29. "An injunction is a form of equitable relief available to avoid an irreparable injury. It is not a claim unto itself." *Baglama v. MWV Consumer & Off. Prods.*, No. 3:13-cv-276, 2014 U.S. Dist. LEXIS 156648, at *12 (S.D. Ohio Nov. 5, 2014) (citation omitted). Given the Court's ruling related to the conversion and contract claims, the need for injunctive relief dissipates and no default judgment on this claim will obtain.

### 2. Prejudice to the Plaintiff

Having found that Rozzi has stated sufficient and meritorious claims, the Court must next determine whether Rozzi would suffer prejudice if its motion were denied. Rozzi initiated this lawsuit in October 2024, and the events underlying the Complaint occurred in

7

2022. Compl., Doc. 1. Taking its allegations as true, this would mean that it has been more than two years since Rozzi was due to be fully compensated for the fireworks sent to Defendants. Defendants have made no effort to appear or defend this lawsuit. To deny Rozzi's Motion would "render [its] effort at a civil resolution futile, while rewarding [Defendants'] avoidance of this litigation." *Evans Adhesive Corp. v. Golden State Adhesives, Inc.*, No. 2:23-cv-1801, 2023 WL 7130676, at *3 (S.D. Ohio Oct. 30, 2023). For these reasons, the Court finds that this factor supports default judgment.

### 3. Amount of Money at Stake

Next, the Court considers the amount of money at stake. Rozzi seeks $148,200.00 from Defendants, jointly and severally, as well as postjudgment interest and costs. Compl., Doc. 1 ¶¶ 21, 25; Doc. 10, PageID 45. The amount Rozzi seeks represents the total that Defendants have failed to pay Rozzi for the price of the fireworks that were sent to and received by Defendants. Doc. 10, PageID 45. When considering this amount and Rozzi's requests for postjudgment interest and costs, Rozzi's total award is likely to be within the range of awards in federal cases. *See e.g., Iron Workers Dist. Council of S. Ohio & Vicinity Ben Tr. V. Hoosier Steel, Inc.*, No 3:11-cv-458, 2012 WL 1122809, at *4 (S.D. Ohio Apr. 3, 2012) (awarding over $300,000); *see also Bd. Of Trs. Of the Ohio Laborers Bens. Olive Leaf Landscaping, Inc.*, No. 2:22-cv-2799, 2023 WL 8031493, at *3 (S.D. Ohio Nov. 20, 2023) (collecting cases). This factor therefore weighs in favor of default judgment.

### 4. Possible Disputed Material Facts

As for the next factor, Defendants have not placed any material facts in dispute as they have failed to appear or defend against this action. *See* Doc. 10. Additionally, because Defendants have failed to respond to Rozzi's Complaint and the Motion for Default

Judgment, Defendants have forfeited the right to dispute the allegations set forth therein. *See Evans Adhesive Corp.*, 2023 WL 7130676, at * 3. Thus, this factor weighs in favor of default judgment.

### 5. Excusable Neglect

Like the previous factor, this Court is unable to attribute Defendants' default to excusable neglect because Defendants have failed to appear or otherwise defend in this action despite proper service of process. *See* Doc. 10. This fact is indicative of actual disregard rather than excusable neglect. *United States v. Intelligent Perimeter Sys.*, No. 2:21-cv-1913, 2022 WL 3348653, at *4 (S.D. Ohio Aug. 12, 2022). This factor therefore favors default judgment.

### 6. Preference for Decision on the Merits

As a final consideration, the Court must account for "the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *Eitel*, 782 F.2d at 1472. By its nature, default judgment conflicts with merits-based decisions. But in cases such as this, where Defendants have shown no interest in pursuing a decision on the merits, it is appropriate to consider the need for judicial efficiency and the needs of the litigants that have actually appeared before the Court. There are no mitigating factors that weigh against default judgment. Thus, the Court is compelled to resolve this case through default judgment. Accordingly, default judgment shall be issued against Defendants.

### B. Plaintiff is entitled to monetary damages and interest.

Having found that Rozzi is entitled to default judgment, this Court now considers Rozzi's request for damages. "Even when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of damages are not deemed true." *Vesligaj v. Peterson*, 331 F. App'x 351, 355 (6th Cir. 2009). "The district

court must instead conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *Id*. While "the court may conduct an evidentiary hearing to determine damages, an evidentiary hearing is not a prerequisite to the entry of default judgment if damages are contained in documentary evidence or detailed affidavits and can be ascertained on the record before the court." *Joe Hand Promotions, Inc. v. RPM Mgmt. Co. LLC*, No. 2:11-cv-377, 2011 WL 5389425, at *1 (S.D. Ohio Nov. 7, 2011) (citation omitted). Based on the evidence presented in support of Rozzi's Motion for Default Judgment, including the at-issue invoice (Doc.1-1), the emails between the parties discussing the lack of payment (Docs. 1-2, 1-3), and the affidavit submitted by Rozzi's counsel (Doc. 8-1), the Court finds a hearing on damages to be unnecessary.

1. **Monetary Damages**

Rozzi requests $148,200.00 in monetary damages. Doc. 10. This amount represents the contract value of the fireworks at issue. Compl., Doc. 1, ¶ 25. Having found that Rozzi has stated sufficient and meritorious claims for conversion and breach of contract, the Court will consider damages under that lens.

"The damages awarded for a breach of contract [under Ohio law] should place the injured party in as good a position as [it] would have been but for the breach." *Walters v. Goddard*, 2018-Ohio-5184, ¶ 22 (11th Dist. 2018) (citation omitted). And in a conversion action, damages equate to "the value of the converted property at the time it was converted." *Tabar*, 97 Ohio App. 3d at 428 (citation omitted). To date, Defendants have failed to fully compensate Rozzi for the fireworks at issue. Rozzi alleges that Defendants have an outstanding balance of $148,200.00 based on an invoice sent by Rozzi to Defendant Grucci and the email correspondence between the parties about the lack of payment. Compl., Doc 1-

10

1, 1-2, 1-3. However, the record indicates that Defendants tendered a check to Rozzi for $50,000.00. Though Rozzi represents that Defendants requested that the check not be cashed, there are no facts that confirm whether Rozzi is still in possession of the check or whether the check was ever cashed. Compl., Doc. 1, ¶ 9.

Accordingly, within 21 days of the entry of this Order, Rozzi is **ORDERED** to supplement the record with evidence clarifying whether the check was cashed or whether the check remains in Rozzi's possession. The Court will defer any decision on the amount of damages Rozzi is owed until such time as it receives supplemental documentation from Rozzi.

### 2. Postjudgment Interest

Rozzi also seeks postjudgment interest on its request for damages. Doc. 10, Page ID 45. In diversity cases such as this, "federal law controls postjudgment interest[.]" *Est. of Riddle ex rel. Riddle v. S. Farm Bureau Life Ins. Co.*, 421 F.3d 400, 409 (6th Cir. 2005) (quotation omitted).

Rozzi is entitled to postjudgment interest at the applicable statutory rate from the date of this Order until the entire judgment is satisfied. As is relevant here, "28 U.S.C § 1961(a) requires postjudgment interest to be paid on money awarded by district courts in civil actions." *CAPSA Sols., LLC v. Concord Healthcare Grp., LLC*, No. 2:18-cv-594, 2019 WL 4894038, at *3 (S.D. Ohio Oct. 4, 2019) (citation omitted). "The district court has no discretion to deny postjudgment interest, as it is mandatory." *Id*. (citing *Caffey v. UNUM Life Ins. Co.*, 302 F.3d 576, 586 (6th Cir. 2002)). "Such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity

Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." 28 U.S.C. § 1961(a).

### 3. Attorney's Fees and Costs

Finally, Rozzi seeks attorney's fees and costs. Compl., Doc. 1, PageID 5; Doc. 10, PageID 45. But "[i]t has long been the general rule in the United States that a prevailing party may not ordinarily recover attorney's fees in the absence of a statute or enforceable contract providing for a fee award." *Williams v. ABX Air, Inc.*, No. 1:06-cv-833, 2007 WL 2886283, at *7 (S.D. Ohio Sept. 27, 2007) (citing *Shimman v. Int'l Union of Operating Eng'rs, Loc. 18*, 744 F.2d 1226, 1229 (6th Cir. 1984)). Rozzi did not provide a copy of a written contract between the parties, nor has it directed the Court to a statute providing for an award of attorney's fees. Thus, Rozzi is not entitled to attorney's fees and costs.

## II. CONCLUSION

For the reasons set forth herein, Rozzi's Motion for Default Judgment (Doc. 10) is **GRANTED** as to Rozzi's claims for civil conversion (Count I) and breach of contract (Count III). Accordingly, default judgment is **ENTERED** in favor of Rozzi on its civil conversion and breach of contract claims. Rozzi is **ORDERED** to supplement the record within 21 days of the entry of this Order to clarify whether the $50,000.00 check was cashed. The Court will refrain from finalizing the amount of damages that are to be awarded to Rozzi until receipt of this supplement evidence. Rozzi's Motion for the Court to Set a Hearing on its Motion for Default Judgment (Doc. 11) is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

December 2, 2025

Jeffery P. Hopkins
United States District Judge